SEYFARTH SHAW LLP
Ritika Singh (SBN 329197)
risingh@seyfarth.com
1441 Brickell Avenue, Suite 1420
Miami, Florida 33131
Telephone: (469) 608-6763

*Counsel for Defendant*
*Equifax Information Services LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN LINK,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC, and GREEN DOT CORPORATION,<br><br>Defendants. | Case No. 8:26-cv-02064-FWS-MAR<br><br>**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES** |

Defendant EQUIFAX INFORMATION SERVICES LLC ("Equifax") by and through its attorneys hereby submits its Answer to Plaintiff's Complaint and Affirmative and Other Defenses, as follows:

**PRELIMINARY STATEMENT**

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

## ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

## PRELIMINARY STATEMENT

**COMPLAINT ¶1:**

Plaintiff brings this action under 15 U.S.C. § 1681 et seq., the Fair Credit Reporting Act ("FCRA"), and Cal. Civ. Code § 1785 et seq., the Consumer Credit Reporting Agencies Act ("CCRAA"), for actual and statutory damages, punitive damages, costs, and reasonable attorneys' fees against Defendants. Defendants have reported, and after dispute continued to report, a Green Dot Bank secured credit card account (account ending in 1363) as a charge-off with an unpaid balance of $168, when in fact the account was paid in full and voluntarily closed by Plaintiff with a zero balance, causing Plaintiff to suffer concrete injury including denial of credit by multiple creditors and damaged credit scores.

**ANSWER:**

Equifax admits that Plaintiff purports to bring an action pursuant to the Fair Credit Reporting Act ("FCRA") and the Consumer Credit Reporting Agencies Act ("CCRAA"), but Equifax denies that it violated the law and further denies that Plaintiff is entitled to any relief whatsoever from Equifax. Equifax denies the remaining allegations in this paragraph.

## JURISDICTION AND VENUE

**COMPLAINT ¶2:**

This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

**ANSWER:**

To the extent Plaintiff has properly alleged the claims herein, Equifax admits that this Court may exercise its subject matter jurisdiction.

**COMPLAINT ¶3:**

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2). Defendant Equifax conducts substantial and regular business activities in this judicial district. Defendant TransUnion regularly conducts business in this district. Defendant Green Dot Corporation is registered to do business in California and its registered agent for service of process is in this state. Plaintiff resides in this district and the violations described herein occurred in this district.

**ANSWER:**

Equifax admits that the Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2). Equifax states that this is a legal conclusion which is not subject to denial or admission.

**COMPLAINT ¶4:**

Under Fed. R. Civ. P. 20(a), joinder is proper because the claims against the Defendants arise out of the same transaction, occurrence, or series of transactions or occurrences, and there is a question of law or fact common to all Defendants.

**ANSWER:**

To the extent Plaintiff has properly alleged the claims herein, Equifax admits that this Court may exercise its subject matter jurisdiction.

## PARTIES AND SERVICE

**Plaintiff Erin E. Link**

**COMPLAINT ¶5:**

Plaintiff Erin E. Link ("Plaintiff") is an individual residing in Huntington Beach, California 92647, within the Central District of California.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶6:**

At all times material hereto, Plaintiff is a "Consumer," as defined under 15 U.S.C. § 1681a(c) and Cal. Civ. Code § 1785.3(b).

**ANSWER:**

Upon information and belief, Equifax admits the allegations in this paragraph.

**Defendant Equifax Information Services LLC**

**COMPLAINT ¶7:**

Defendant Equifax Information Services LLC ("Equifax") is a "Consumer Reporting Agency" as defined by 15 U.S.C. § 1681a(f) and Cal. Civ. Code § 1785.3(d) and conducts substantial and regular business activities in this judicial district. Equifax may be served with process upon THE PRENTICE-HALL CORPORATION SYSTEM, INC., its registered agent for service of process, at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA and CCCRAA as to those activities only. Equifax also admits that it is registered to do business in the State of California, and that it may be served through its registered agent, Corporation Service Company. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶8:**

At all times material hereto, Defendant Equifax is a Consumer Reporting Agency regularly engaged in interstate commerce by and through the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports to third parties as said term is defined under 15 U.S.C. § 1681d and Cal. Civ. Code § 1785.3(c).

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA and CCCRAA as to those activities only and, at times, it engages in the business of assembling, and disbursing consumer reports to third-parties. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶9:**

At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

**ANSWER:**

Equifax admits, at times, it engages in the business of assembling, and disbursing consumer reports to third-parties for monetary compensation. Equifax denies the remaining allegations in this paragraph.

**Defendant Trans Union LLC**

**COMPLAINT ¶10:**

Defendant Trans Union LLC ("TransUnion") is a "Consumer Reporting Agency" as defined by 15 U.S.C. § 1681a(f) and Cal. Civ. Code § 1785.3(d) and conducts substantial and regular business activities in this judicial district. TransUnion may be served with process upon CSC – LAWYERS INCORPORATING SERVICE., its registered agent for service of process, at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶11:**

At all times material hereto, Defendant TransUnion is a Consumer Reporting Agency regularly engaged in interstate commerce by and through the business of assembling, evaluating, and disbursing information concerning consumers for the purposes

of furnishing consumer reports to third parties as said term is defined under 15 U.S.C. § 1681d and Cal. Civ. Code § 1785.3(c).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶12:**

At all times material hereto, TransUnion disbursed such consumer reports to third parties under a contract for monetary compensation.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**Defendant Green Dot Corporation**

**COMPLAINT ¶13:**

Defendant Green Dot Corporation ("Green Dot") is a Delaware corporation, active and in good standing in California under California Secretary of State Entity No. 2326294. Green Dot operates Green Dot Bank and is a "furnisher" of consumer credit information within the meaning of 15 U.S.C. § 1681s-2. Green Dot may be served with process upon CSC - LAWYERS INCORPORATING SERVICE, its registered agent for service of process, at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶14:**

At all times material hereto, Green Dot is a person who routinely furnishes information concerning consumers and their accounts to Consumer Reporting Agencies to publish consumer reports, as said term is defined in 15 U.S.C. § 1681a(d).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**ARTICLE III STANDING**

**COMPLAINT ¶15:**

Plaintiff has Article III standing to bring this action. Plaintiff has suffered concrete, particularized injuries that are fairly traceable to Defendants' conduct and redressable by a favorable decision. Plaintiff's concrete injuries include: (a) denial of credit by PenFed Credit Union on June 13, 2026, citing "Serious delinquency (60/90 days past due) or derogatory indicator" based on Equifax's inaccurate report; (b) denial of a Klarna "4 bi-weekly payments" purchase credit product by WebBank on May 31, 2026 based on TransUnion's inaccurate report; (c) denial of a personal loan by FinWise Bank via Upstart on June 13, 2026, with both TransUnion (score: 636) and Equifax (score: 675) citing "seriously delinquent, past-due, or charged-off accounts" as an adverse factor; (d) reduced credit scores on both TransUnion and Equifax directly caused by the inaccurate charge-off reporting; and (e) emotional distress, anxiety, humiliation, and lost time incurred investigating and attempting to correct the inaccuracy. These injuries are concrete and have a close analog to the harm of defamation and publication of false information recognized at common law.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**FACTUAL ALLEGATIONS**

**COMPLAINT ¶16:**

On or about July 30, 2019, Plaintiff opened a Green Dot Platinum Secured Credit Card (account ending in 1363, the "Account") with a credit limit of $200.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶17:**

In July 2021, Plaintiff filed a dispute with Green Dot for unauthorized activity on a card ending in 4783. Green Dot deactivated that card and issued a replacement card ending in 9169. In March 2022, Plaintiff filed a second dispute for unauthorized activity on the card ending in 9169. Green Dot deactivated that card and issued a replacement card ending in 1363, which became the Account now reported to the credit bureaus.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶18:**

On or about February 3, 2023, the Account was closed at consumer's request with a zero balance. Plaintiff's security deposit of $87.83 was refunded by Green Dot by check dated February 7, 2023, sent to Plaintiff's address on file and subsequently cashed, confirming that the Account carried no unpaid balance at closure. The Account was never charged off.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶19:**

On February 17, 2026, Green Dot issued a written response to a consumer complaint file by Plaintiff. In that letter, Green Dot expressly acknowledged: "After reviewing your account, we found that the information previously reported was incorrect, so we have updated your credit report." Green Dot further confirmed the refund of the security deposit, establishing that the Account had a zero balance at closure.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶20:**

Despite Green Dot's written acknowledgment of the reporting error and its representation that it had updated the credit bureaus, as of May 22, 2026 (TransUnion) and May 29, 2026 (Equifax), both CRAs continued to report the Account as a charge-off with an unpaid balance of $168, more than three months after Green Dot's written acknowledgment.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶21:**

On or about May 29, 2026, Plaintiff obtained her Equifax credit report. The report reflected the Account as: Status: Charge-off; Status Updated: Feb 2026; Balance: $168; Comment: CHARGED OFF ACCOUNT. Plaintiff's FICO Score as of that date was 675.

**ANSWER:**

The allegations in this paragraph refer to a document, which speaks for itself, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the document referenced by this paragraph.

**COMPLAINT ¶22:**

On or about May 22, 2026, Plaintiff obtained her TransUnion credit report (File No. 411134230). The report reflected the Account as: Pay Status: Charge-off; Balance: $168; Remarks: UNPAID BALANCE CHARGED OFF; with charge-off ("X") payment history ratings from February 2023 through February 2026. Plaintiff's TransUnion credit score was 636 as of June 13, 2026.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶23:**

Plaintiff timely submitted written disputes to both Equifax and TransUnion disputing the inaccurate charge-off status and $168 balance on the Account, providing as documentary evidence Green Dot's February 17, 2026, acknowledgment letter and supporting documentation.

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶24:**

On July 9, 2026, Equifax issued reinvestigation results (Confirmation No. 6190512703) stating: "Our investigation concluded that the disputed information is reporting accurately." The Account continued to reflect Status: Charge Off; Balance: $168. Equifax's reinvestigation amounted to routing Plaintiff's dispute through the automated e-OSCAR system and accepting Green Dot's verification without independently assessing the exculpatory documentary evidence in Plaintiff's dispute package.

**ANSWER:**

The allegations in this paragraph refer to a document, which speaks for itself, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the document referenced by this paragraph.

**COMPLAINT ¶25:**

On July 24, 2026, TransUnion issued reinvestigation results (File No. 000411134230) stating the disputed information was "VERIFIED AS ACCURATE." The

Account continued to reflect Pay Status: Charged Off; Balance: $168. TransUnion's reinvestigation similarly failed to account for the documentary evidence demonstrating that Green Dot had previously acknowledged the reporting error in writing.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶26:**

Green Dot, upon receiving Automated Consumer Dispute Verification ("ACDV") notices from both Equifax and TransUnion following Plaintiff's disputes, verified the charge-off status and $168 balance as accurate, contrary to its own written acknowledgment of February 17, 2026, that the information previously reported was incorrect.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶27:**

As a direct and proximate result of the inaccurate Green Dot charge-off reporting, Plaintiff suffered the following adverse actions: (a) on May 31, 2026, Klarna/WebBank denied Plaintiff's application for credit based on TransUnion's report; (b) on June 13, 2026, PenFed Credit Union denied Plaintiff's application for credit based on Equifax's report, citing "Serious delinquency (60/90 days past due) or derogatory indicator"; and (c) on June 13, 2026, FinWise Bank/Upstart denied Plaintiff's application for a personal loan based on both TransUnion and Equifax reports, citing "seriously delinquent, past-due, or charged-off accounts on your credit report" as a key adverse factor.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶28:**

The presence of a false charge-off on Plaintiff's consumer reports caused immediate and concrete harm. Plaintiff received adverse action letters from PenFed Credit Union, Klarna/WebBank, and FinWise Bank/Upstart, each citing derogatory or delinquent credit information from the inaccurate Green Dot reporting as a basis for denial.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶29:**

Plaintiff continues to suffer distress, anxiety, reputational damage, and credit impairment because of Defendants' actions and failures to correct the inaccuracy.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**FIRST CAUSE OF ACTION**

**Violations of the Fair Credit Reporting Act**

**Negligent Violation of 15 U.S.C. § 1681i(a) as to Equifax and TransUnion**

**COMPLAINT ¶30:**

Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶31:**

This is an action for negligent violation of the FCRA, 15 U.S.C. § 1681 et seq.

**ANSWER:**

Equifax admits that Plaintiff purports to bring an action pursuant to the FCRA, but Equifax denies that it violated the law and further denies that Plaintiff is entitled to any relief whatsoever from Equifax. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶32:**

Defendants Equifax and TransUnion violated 15 U.S.C. § 1681i(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶33:**

Defendants Equifax and TransUnion have negligently failed to comply with the FCRA. The failures of Equifax and TransUnion to comply with the FCRA include but are not necessarily limited to the following:

a. The failure to follow reasonable procedures to ensure the maximum possible accuracy of the information reported;

b. The failure to correct erroneous information regarding Plaintiff after a reasonable request from the Plaintiff;

c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d. The failure to investigate information promptly and adequately that Defendants had notice was inaccurate;

e. The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f. The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

g. The failure to delete information promptly that was found to be inaccurate or could not be verified, or that the source of information had advised Defendants to delete; or

h. The failure to take adequate steps to verify information that Defendants had reason to believe was inaccurate before including it in the credit report of the consumer.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶34:**

As a result of the conduct, action, and inaction of Defendants Equifax and TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶35:**

The conduct, action, and inaction of Defendants Equifax and TransUnion was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681o.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶36:**

Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax and TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

## SECOND CAUSE OF ACTION

## Violations of the Fair Credit Reporting Act

## Willful Violation of 15 U.S.C. § 1681i(a) as to Equifax and TransUnion

**COMPLAINT ¶37:**

Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶38:**

This is an action for willful violation of the FCRA, 15 U.S.C. § 1681 et seq.

**ANSWER:**

Equifax admits that Plaintiff purports to bring an action pursuant to the FCRA, but Equifax denies that it violated the law and further denies that Plaintiff is entitled to any relief whatsoever from Equifax. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶39:**

Defendants Equifax and TransUnion violated 15 U.S.C. § 1681i(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies. Despite receiving Green Dot's February 17, 2026, written acknowledgment of the reporting error as part of Plaintiff's dispute package, Equifax and TransUnion verified the inaccurate charge-off as accurate, demonstrating reckless disregard for Plaintiff's rights under the FCRA.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶40:**

Defendants Equifax and TransUnion have willfully failed to comply with the FCRA. The failures of Equifax and TransUnion to comply with the FCRA include but are not necessarily limited to the following:

a. The failure to follow reasonable procedures to ensure the maximum possible accuracy of the information reported;

b. The failure to correct erroneous information regarding Plaintiff after a reasonable request from the Plaintiff;

c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d. The failure to investigate information promptly and adequately that Defendants had notice was inaccurate;

e. The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f. The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

g. The failure to delete information promptly that was found to be inaccurate or could not be verified, or that the source of information had advised Defendants to delete; or

h. The failure to take adequate steps to verify information that Defendants had reason to believe was inaccurate before including it in the credit report of the consumer.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶41:**

As a result of the conduct, action, and inaction of Defendants Equifax and TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and

benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶42:**

The conduct, action, and inaction of Defendants Equifax and TransUnion was willful, entitling Plaintiff to damages under 15 U.S.C. § 1681n.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶43:**

Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax and TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

**THIRD CAUSE OF ACTION.**

**Violations of the Fair Credit Reporting Act**

**Negligent Violation of 15 U.S.C. § 1681e(b) as to Equifax and TransUnion**

**COMPLAINT ¶44:**

Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶45:**

This is an action for negligent violation of the FCRA, 15 U.S.C. § 1681 et seq.

**ANSWER:**

Equifax admits that Plaintiff purports to bring an action pursuant to the FCRA, but Equifax denies that it violated the law and further denies that Plaintiff is entitled to any relief whatsoever from Equifax. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶46:**

Defendants Equifax and TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer credit reports they maintained concerning Plaintiff.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶47:**

Defendants Equifax and TransUnion have negligently failed to comply with the FCRA. The failures of Equifax and TransUnion to comply with the FCRA include but are not necessarily limited to the following:

a. The failure to follow reasonable procedures to ensure the maximum possible accuracy of the information reported;

b. The failure to correct erroneous information regarding Plaintiff after a reasonable request from the Plaintiff;

c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d. The failure to investigate information promptly and adequately that Defendants had notice was inaccurate;

e. The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f. The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

g. The failure to delete information promptly that was found to be inaccurate or could not be verified, or that the source of information had advised Defendants to delete; or

h. The failure to take adequate steps to verify information that Defendants had reason to believe was inaccurate before including it in the credit report of the consumer.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶48:**

As a result of the conduct, action, and inaction of Defendants Equifax and TransUnion, Plaintiff suffered damage to her reputation, undue stress exerted trying to fix the erroneous reports, mental and emotional pain, anguish, humiliation, and loss of ability to purchase and benefit from credit.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶49:**

The conduct, action, and inaction of Defendants Equifax and TransUnion was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681o.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶50:**

Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax and TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

**FOURTH CAUSE OF ACTION**

**Violations of the Fair Credit Reporting Act**

**Willful Violation of 15 U.S.C. § 1681e(b) as to Equifax and TransUnion**

**COMPLAINT ¶51:**

Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶52:**

This is an action for willful violation of the FCRA, 15 U.S.C. § 1681 et seq.

**ANSWER:**

Equifax admits that Plaintiff purports to bring an action pursuant to the FCRA, but Equifax denies that it violated the law and further denies that Plaintiff is entitled to any relief whatsoever from Equifax. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶53:**

Defendants Equifax and TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer credit reports they maintained concerning Plaintiff. Defendants continued to publish the inaccurate charge-off status and $168 balance despite Green Dot's written acknowledgment of the error and despite the evidence submitted with Plaintiff's disputes.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶54:**

Defendants Equifax and TransUnion have willfully failed to comply with the FCRA. The failures of Equifax and TransUnion to comply with the FCRA include but are not necessarily limited to the following:

a. The failure to follow reasonable procedures to ensure the maximum possible accuracy of the information reported;

b. The failure to correct erroneous information regarding Plaintiff after a reasonable request from the Plaintiff;

c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d. The failure to investigate information promptly and adequately that Defendants had notice was inaccurate;

e. The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f. The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

g. The failure to delete information promptly that was found to be inaccurate or could not be verified, or that the source of information had advised Defendants to delete; or

h. The failure to take adequate steps to verify information that Defendants had reason to believe was inaccurate before including it in the credit report of the consumer.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶55:**

As a result of the conduct, action, and inaction of Defendants Equifax and TransUnion, Plaintiff suffered damage to her reputation, undue stress exerted trying to fix

the erroneous reports, mental and emotional pain, anguish, humiliation, and loss of ability to purchase and benefit from credit.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶56:**

The conduct, action, and inaction of Defendants Equifax and TransUnion was willful, entitling Plaintiff to damages under 15 U.S.C. § 1681n.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶57:**

Plaintiff is entitled to recover reasonable costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

## FIFTH CAUSE OF ACTION

## Violations of the Consumer Credit Reporting Agencies Act

## Negligent Violation of Cal. Civ. Code 1785.14 as to Equifax and TransUnion

**COMPLAINT ¶58:**

Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶59:**

This is an action for negligent violation of the CCRAA, Cal. Civ. Code § 1785 et seq.

**ANSWER:**

Equifax admits that Plaintiff purports to bring an action pursuant to the CCCRAA, but Equifax denies that it violated the law and further denies that Plaintiff is entitled to any relief whatsoever from Equifax. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶60:**

Defendants Equifax and TransUnion violated Cal. Civ. Code § 1785.14 by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer credit reports they maintained concerning Plaintiff.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶61:**

Defendants Equifax and TransUnion have negligently failed to comply with the CCRAA. The failures of Equifax and TransUnion to comply with the CCRAA include but are not necessarily limited to the following:

a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b. The failure to delete information promptly that was found to be inaccurate, or could not be verified, or that the source of the information had advised Defendants to delete; or

c. The failure to take adequate steps to verify information Defendants had reason to believe was inaccurate before including it in the credit report of the consumer.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶62:**

As a result of the conduct, action, and inaction of Defendants Equifax and TransUnion, Plaintiff suffered damage to her reputation, undue stress exerted trying to fix the erroneous reports, mental and emotional pain, anguish, humiliation, and embarrassment.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶63:**

The conduct, action, and inaction of Defendants Equifax and TransUnion was negligent, entitling Plaintiff to damages under Cal. Civ. Code § 1785.31(a)(1).

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the CCCRAA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶64:**

Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax and TransUnion in an amount to be determined by the Court pursuant to Cal. Civ. Code § 1785.31(a)(1).

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

**SIXTH CAUSE OF ACTION**

**Violations of the Consumer Credit Reporting Agencies Act**

**Willful Violation of Cal. Civ. Code § 1785.14 as to Equifax and TransUnion**

**COMPLAINT ¶65:**

Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶66:**

This is an action for willful violation of the CCRAA, Cal. Civ. Code § 1785 et seq.

**ANSWER:**

Equifax admits that Plaintiff purports to bring an action pursuant to the CCCRAA, but Equifax denies that it violated the law and further denies that Plaintiff is entitled to any relief whatsoever from Equifax. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶67:**

Defendants Equifax and TransUnion violated Cal. Civ. Code § 1785.14 by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer credit reports they maintained concerning Plaintiff.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶68:**

Defendants Equifax and TransUnion have willfully failed to comply with the CCRAA. The failures of Equifax and TransUnion to comply with the CCRAA include but are not necessarily limited to the following:

a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b. The failure to delete information promptly that was found to be inaccurate, or could not be verified, or that the source of the information had advised Defendants to delete; or

c. The failure to take adequate steps to verify information Defendants had reason to believe was inaccurate before including it in the credit report of the consumer.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶69:**

As a result of the conduct, action, and inaction of Defendants Equifax and TransUnion, Plaintiff suffered damage to her reputation, undue stress exerted trying to fix the erroneous reports, mental and emotional pain, anguish, humiliation, and embarrassment.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶70:**

The conduct, action, and inaction of Defendants Equifax and TransUnion was willful, entitling Plaintiff to damages under Cal. Civ. Code § 1785.31(a)(2).

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the CCCRAA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶71:**

Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax and TransUnion in an amount to be determined by the Court pursuant to Cal. Civ. Code § 1785.31(a)(2).

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

## SEVENTH CAUSE OF ACTION

## Violations of the Fair Credit Reporting Act

## Negligent Violation of 15 U.S.C. § 1681s-2(b) as to Defendant Green Dot

**COMPLAINT ¶72:**

Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶73:**

This is an action for negligent violation of the FCRA, 15 U.S.C. § 1681 et seq.

**ANSWER:**

Equifax admits that Plaintiff purports to bring an action pursuant to the FCRA, but Equifax denies that it violated the law and further denies that Plaintiff is entitled to any relief whatsoever from Equifax. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶74:**

Defendant Green Dot negligently violated 15 U.S.C. § 1681s-2(b) by: furnishing inaccurate credit information to Equifax and TransUnion; failing fully and properly to investigate Plaintiff's disputes reported to it by Defendants Equifax and TransUnion via ACDV; and verifying the inaccurate charge-off status and $168 balance as accurate, contrary to its own prior written acknowledgment that the information previously reported was incorrect.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶75:**

Specifically, Defendant Green Dot finished a charge-off account with an unpaid balance of $168 to Plaintiff's Equifax and TransUnion consumer reports even though Plaintiff did not owe any balance and the account was never charged off.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶76:**

Defendant Green Dot does not maintain reasonable procedures to assure maximum possible accuracy of the consumer information it furnishes to Consumer Reporting Agencies.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶77:**

As a result of the conduct, action, and inaction of Defendant Green Dot, Plaintiff suffered damages via loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶78:**

The conduct, action, and inaction of Defendant Green Dot was negligent, rendering Green Dot liable for actual damages pursuant to 15 U.S.C. § 1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶79:**

Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Green Dot in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**EIGHTH CAUSE OF ACTION**

**Violations of the Fair Credit Reporting Act**

**Willful Violation of 15 U.S.C. § 1681s-2(b) as to Defendant Green Dot**

**COMPLAINT ¶80:**

Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶81:**

This is an action for willful violation of the FCRA, 15 U.S.C. § 1681 et seq.

**ANSWER:**

Equifax admits that Plaintiff purports to bring an action pursuant to the FCRA, but Equifax denies that it violated the law and further denies that Plaintiff is entitled to any relief whatsoever from Equifax. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶82:**

Defendant Green Dot willfully violated 15 U.S.C. § 1681s-2(b) by: furnishing inaccurate credit information to Equifax and TransUnion; failing fully and properly to investigate Plaintiff's disputes reported to it by Equifax and TransUnion via ACDV; and verifying the inaccurate charge-off status and $168 balance as accurate despite having

previously acknowledged in writing on February 17, 2026, that the information it reported was incorrect. This conduct constitutes reckless disregard of Plaintiff's rights under the FCRA.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶83:**

Specifically, Defendant Green Dot furnished a charge-off account with an unpaid balance of $168 to Plaintiff's Equifax and TransUnion consumer reports even though Plaintiff did not owe any balance and the account was never charged off

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶84:**

Defendant Green Dot does not maintain reasonable procedures to assure maximum possible accuracy of the consumer information it furnishes to Consumer Reporting Agencies.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶85:**

As a result of the conduct, action, and inaction of Defendant Green Dot, Plaintiff suffered damages via loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶86:**

The conduct, action, and inaction of Defendant Green Dot was willful, rendering Green Dot liable for actual, statutory, and punitive damages pursuant to 15 U.S.C. § 1681n.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶87:**

Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Green Dot in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**DEMAND FOR TRIAL BY JURY**

**COMPLAINT ¶88:**

Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**ANSWER:**

Equifax admits that Plaintiff demands a jury trial on all triable issues. Equifax objects to a jury trial on any claims for equitable relief and all other issues as to which a jury is not permitted as of right or as a matter of law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment against Defendants as follows:

1. Awarding Plaintiff actual damages provided and pursuant to 15 U.S.C. § 1681o(a and Cal. Civ. Code § 1785.31(a) from each Defendant;
2. Awarding Plaintiff statutory damages provided and pursuant to 15 U.S.C. § 1681n(a) and Cal. Civ. Code § 1785.31(a) from each Defendant;

3. Awarding Plaintiff punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2) and Cal. Civ. Code § 1785.31(a)(2)(B) from each Defendant;

4. Awarding Plaintiff attorneys' fees provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2), Cal. Civ. Code § 1785.31(a)(1), and Cal. Civ. Code § 1785.31(a)(2); and

5. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Equifax asserts the following affirmative and other defenses to the Complaint:

### FIRST DEFENSE

Equifax is not subject to general or specific jurisdiction in this Court as to the claims brought by Plaintiff against Equifax. Equifax is neither incorporated nor headquartered in California, and the conduct giving rise to Plaintiff's claims against Equifax occurred outside of California and was not targeted at California. Equifax is not a consumer reporting agency, did not and does not maintain a credit file on Plaintiff, and did not take any action regarding Plaintiff's credit file.

### SECOND DEFENSE

This Court is not the proper venue as to the claims Plaintiff brings against Equifax because the Court lacks personal jurisdiction over Equifax.

### THIRD DEFENSE

Plaintiff's claim fails in whole or in part to state a claim against Equifax upon which relief can be granted.

### FOURTH DEFENSE

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of Plaintiff to use reasonable diligence to mitigate

the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of their failure to mitigate alleged losses.

**WHEREFORE**, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2) it be dismissed as a party to this action;

(3) it recover such other and additional relief as the Court deems just and appropriate.

DATED: September 15, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: *\/s/ Ritika Singh*

Ritika Singh
*Counsel for Defendant*
*Equifax Information Services LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2026, I presented the foregoing DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Ritika Singh*
Ritika Singh
*Counsel for Defendant*
*Equifax Information Services LLC*