EMIL PETROSSIAN (SBN 264222)
epetrossian@glaserweil.com
SHANNON RIEGER (SBN 351668)
srieger@glaserweil.com
GLASER WEIL FINK HOWARD
JORDAN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Phone: (310) 553-3000
Fax: (310) 556-2920

*Attorneys for Defendant*
GREEN DOT CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

ERIN LINK,

Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC et al.,

Defendants.

Case No. 8:26-cv-02064-FWS-MAR

Hon. Fred W. Slaughter
Courtroom No. 10D

**DEFENDANT GREEN DOT CORPORATION'S ANSWER TO PLAINTIFF ERIN LINK'S COMPLAINT**

Action Filed: July 31, 2026
Complaint Served: August 4, 2026

Subject to and without waiving its contractual right to compel arbitration of the claims asserted against it and/or this entire action, and in advance of its forthcoming motion to compel arbitration, which will be filed in short order, defendant Green Dot Corporation ("Green Dot"), by and through its undersigned counsel of record, hereby answers the complaint of plaintiff Erin Link ("Plaintiff"), as follows:

**PLAINTIFF'S PREFATORY PARAGRAPH**

To the extent necessary, Green Dot denies the allegations in the complaint's opening (unnumbered) paragraph.

**"PRELIMINARY STATEMENT"**

1. Green Dot admits that Plaintiff purports to bring claims under the statutes identified in paragraph 1 and seeks the relief identified therein. Green Dot denies that Plaintiff is entitled to any relief from Green Dot and otherwise denies the allegations in paragraph 1.

**"JURISDICTION AND VENUE"**

2. Paragraph 2 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot does not contend at this time that the Court lacks subject matter jurisdiction over the action, but otherwise reserves all rights and remedies and denies the allegations in paragraph 2.

3. Paragraph 3 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot admits that it is registered to do business in California and has a registered agent for service of process in California. Green Dot lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3, and on that basis denies them.

4. Paragraph 4 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green

Dot lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4, and on that basis denies them.

**"PARTIES AND SERVICE**

**Plaintiff Erin E. Link"**

5. Green Dot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, and on that basis denies them.

6. Paragraph 6 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot denies each and every allegation in paragraph 6.

**"Defendant Equifax Information Services LLC"**

7. Paragraph 7 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and on that basis denies them.

8. Paragraph 8 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and on that basis denies them.

9. Green Dot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and on that basis denies them.

**"Defendant Trans Union LLC"**

10. Paragraph 10 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, and on that basis denies them.

11. Paragraph 11 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green

Glaser Weil

Dot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and on that basis denies them.

12. Green Dot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, and on that basis denies them.

**"<u>Defendant Green Dot Corporation</u>"**

13. Green Dot admits that it is a Delaware corporation, is active and in good standing, is registered to do business in California, and operates Green Dot Bank. Green Dot further admits that CSC - Lawyers Incorporating Service is its registered agent for service of process in California with an address of 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833. Green Dot denies the remaining allegations in paragraph 13.

14. Paragraph 14 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot admits that it furnishes certain information about consumers to consumer reporting agencies, and denies the remaining allegations in paragraph 14.

**"<u>ARTICLE III STANDING</u>"**

15. Paragraph 15 consists of or contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot denies that Plaintiff has suffered any injuries or that any alleged injuries are fairly traceable to Green Dot. Green Dot lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15, and on that basis denies them.

**"<u>FACTUAL ALLEGATIONS</u>"**

16. Green Dot admits that its records associate Plaintiff with a Green Dot Platinum Secured Credit Card that had a credit limit of $200. Green Dot denies the remaining allegations in paragraph 16.

17. Green Dot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, and on that basis denies them.



Glaser Weil

18. Green Dot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and on that basis denies them.

19. Green Dot admits that on February 17, 2026, its Customer Experience and Support Team sent Plaintiff a letter containing, among other things, the sentence quoted in paragraph 19. Green Dot denies the remaining allegations in paragraph 19.

20. Green Dot denies each and every allegation in paragraph 20 that pertains or relates to Green Dot. Green Dot lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20, and on that basis denies them.

21. Green Dot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and on that basis denies them.

22. Green Dot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and on that basis denies them.

23. Green Dot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, and on that basis denies them.

24. Green Dot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, and on that basis denies them.

25. Green Dot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and on that basis denies them.

26. Green Dot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and on that basis denies them.

27. Green Dot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, and on that basis denies them. Green Dot denies that any alleged act or omission of Green Dot proximately caused any injuries to Plaintiff.

28. Green Dot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, and on that basis denies them. Green Dot

Glaser Weil

denies that any alleged act or omission of Green Dot proximately caused any injuries to Plaintiff.

29. Green Dot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29, and on that basis denies them. Green Dot denies that any alleged act or omission of Green Dot proximately caused any injuries to Plaintiff.

**"CLAIMS FOR RELIEF**

**FIRST CAUSE OF ACTION**

**Violations of the Fair Credit Reporting Act**

**Negligent Violation of 15 U.S.C. § 1681i(a) as to Equifax and TransUnion"**

30. Green Dot hereby incorporates by reference its answers to paragraphs 1 through 29 above as though set forth fully herein.

31. Paragraph 31 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot admits that Plaintiff filed this action alleging negligent violation of the Fair Credit Reporting Act, but otherwise denies the allegations in paragraph 31.

32. Paragraph 32 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, and on that basis denies them.

33. Paragraph 33 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33, and on that basis denies them.

34. Paragraph 34 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot denies each and every allegation in paragraph 34.

35. Paragraph 35 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot denies each and every allegation in paragraph 35.

36. Paragraph 36 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot denies each and every allegation in paragraph 36.

**"SECOND CAUSE OF ACTION**

**Violations of the Fair Credit Reporting Act**

**Willful Violation of 15 U.S.C. § 1681i(a) as to Equifax and TransUnion"**

37. Green Dot hereby incorporates by reference its answers to paragraphs 1 through 36 above as though set forth fully herein.

38. Paragraph 38 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot admits that Plaintiff filed this action alleging willful violation of the Fair Credit Reporting Act, but otherwise denies the allegations in paragraph 38.

39. Paragraph 39 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39, and on that basis denies them.

40. Paragraph 40 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40, and on that basis denies them.

41. Paragraph 41 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot denies each and every allegation in paragraph 41.



Glaser Weil

42. Paragraph 42 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot denies each and every allegation in paragraph 42.

43. Paragraph 43 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot denies each and every allegation in paragraph 43.

**"THIRD CAUSE OF ACTION**

**Violations of the Fair Credit Reporting Act**

**Negligent Violation of 15 U.S.C. § 1681e(b) as to Equifax and TransUnion"**

44. Green Dot hereby incorporates by reference its answers to paragraphs 1 through 43 above as though set forth fully herein.

45. Paragraph 45 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot admits that Plaintiff filed this action alleging negligent violation of the Fair Credit Reporting Act, but otherwise denies the allegations in paragraph 45.

46. Paragraph 46 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46, and on that basis denies them.

47. Paragraph 47 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47, and on that basis denies them.

48. Paragraph 48 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot denies each and every allegation in paragraph 48.

49. Paragraph 49 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot denies each and every allegation in paragraph 49.

50. Paragraph 50 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot denies each and every allegation in paragraph 50.

**"FOURTH CAUSE OF ACTION**

**Violations of the Fair Credit Reporting Act**

**Willful Violation of 15 U.S.C. § 1681e(b) as to Equifax and TransUnion"**

51. Green Dot hereby incorporates by reference its answers to paragraphs 1 through 50 above as though set forth fully herein.

52. Paragraph 52 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot admits that Plaintiff filed this action alleging willful violation of the Fair Credit Reporting Act, but otherwise denies the allegations in paragraph 52.

53. Paragraph 53 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53, and on that basis denies them.

54. Paragraph 54 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54, and on that basis denies them.

55. Paragraph 55 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot denies each and every allegation in paragraph 55.

Glaser Weil

56. Paragraph 56 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot denies each and every allegation in paragraph 56.

57. Paragraph 57 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot denies each and every allegation in paragraph 57.

**"<u>FIFTH CAUSE OF ACTION</u>**

**<u>Violations of the Consumer Credit Reporting Agencies Act</u>**

**<u>Negligent Violation of Cal. Civ. Code § 1785.14 as to Equifax and TransUnion</u>"**

58. Green Dot hereby incorporates by reference its answers to paragraphs 1 through 57 above as though set forth fully herein.

59. Paragraph 59 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot admits that Plaintiff filed this action alleging negligent violation of California's Consumer Credit Reporting Agencies Act, but otherwise denies the allegations in paragraph 59.

60. Paragraph 60 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60, and on that basis denies them.

61. Paragraph 61 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61, and on that basis denies them.

62. Paragraph 62 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot denies each and every allegation in paragraph 62.

63. Paragraph 63 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot denies each and every allegation in paragraph 63.

64. Paragraph 64 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot denies each and every allegation in paragraph 64.

**"SIXTH CAUSE OF ACTION**

**Violations of the Consumer Credit Reporting Agencies Act**

**Willful Violation of Cal. Civ. Code § 1785.14 as to Equifax and TransUnion"**

65. Green Dot hereby incorporates by reference its answers to paragraphs 1 through 64 above as though set forth fully herein.

66. Paragraph 66 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot admits that Plaintiff filed this action alleging willful violation of California's Consumer Credit Reporting Agencies Act, but otherwise denies the allegations in paragraph 66.

67. Paragraph 67 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67, and on that basis denies them.

68. Paragraph 68 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68, and on that basis denies them.

69. Paragraph 69 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot denies each and every allegation in paragraph 69.

70. Paragraph 70 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot denies each and every allegation in paragraph 70.

71. Paragraph 71 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot denies each and every allegation in paragraph 71.

**"SEVENTH CAUSE OF ACTION**

**Violations of the Fair Credit Reporting Act**

**Negligent Violation of 15 U.S.C. § 1681s-2(b) as to Defendant Green Dot"**

72. Green Dot hereby incorporates by reference its answers to paragraphs 1 through 71 above as though set forth fully herein.

73. Paragraph 73 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green Dot admits that Plaintiff filed this action alleging negligent violation of the Fair Credit Reporting Act, but otherwise denies the allegations in paragraph 73.

74. Green Dot denies each and every allegation in paragraph 74.

75. Green Dot denies each and every allegation in paragraph 75.

76. Green Dot denies each and every allegation in paragraph 76.

77. Green Dot denies each and every allegation in paragraph 77.

78. Green Dot denies each and every allegation in paragraph 78.

79. Green Dot denies each and every allegation in paragraph 79.

**"EIGHTH CAUSE OF ACTION**

**Violations of the Fair Credit Reporting Act**

**Willful Violation of 15 U.S.C. § 1681s-2(b) as to Defendant Green Dot"**

80. Green Dot hereby incorporates by reference its answers to paragraphs 1 through 79 above as though set forth fully herein.

81. Paragraph 81 consists of and contains legal conclusions and/or legal argument to which no response is required. To the extent a response is required, Green





Glaser Weil

Dot admits that Plaintiff filed this action alleging willful violation of the Fair Credit Reporting Act, but otherwise denies the allegations in paragraph 81.

82. Green Dot denies each and every allegation in paragraph 82.

83. Green Dot denies each and every allegation in paragraph 83.

84. Green Dot denies each and every allegation in paragraph 84.

85. Green Dot denies each and every allegation in paragraph 85.

86. Green Dot denies each and every allegation in paragraph 86.

87. Green Dot denies each and every allegation in paragraph 87.

## "DEMAND FOR JURY TRIAL"

88. Green Dot admits that Plaintiff has demanded a trial by jury, but denies that Plaintiff is entitled to a trial by jury on her claims against Green Dot. Plaintiff entered into an agreement with Green Dot requiring mandatory binding arbitration of any claims arising from or relating to that agreement. Green Dot denies all remaining allegations in paragraph 88.

## "PRAYER FOR RELIEF"

Plaintiff's prayer for relief requires no response. To the extent a response is required, Green Dot denies that Plaintiff is entitled to any of the relief requested in the complaint, or any other relief, whether at law or in equity, whatsoever.

## AFFIRMATIVE DEFENSES

By way of further answer, without waiving and subject to its right to compel arbitration, without waiving or excusing Plaintiff's burdens of proof or production that exist with respect to any particular causes of action, claims for relief, or issues, whether at law or in equity, and without admitting that Green Dot has any burdens of proof or production or any liability to Plaintiff whatsoever, Green Dot hereby asserts the following separate and distinct affirmative defenses against Plaintiff. All defenses herein are pleaded in the alternative and do not constitute an admission either of Green Dot's alleged liability or Plaintiff's alleged entitlement to relief, which Green Dot expressly denies as set forth above.



Glaser Weil

**FIRST AFFIRMATIVE DEFENSE**

**(Mandatory Binding Arbitration)**

Plaintiff's claims against Green Dot are subject to a mandatory contractual arbitration provision that is governed by the Federal Arbitration Act. Specifically, Plaintiff's cardholder agreement with Green Dot contains the following mandatory arbitration provision, to which Plaintiff expressly agreed, and which is fully applicable here and states in relevant part:

> Except as expressly provided herein, any claim, dispute, or controversy (whether based upon contract; tort, intentional or otherwise; constitution; statute; common law; or equity and whether pre-existing, present, or future), including initial claims, counter-claims, cross-claims, and third-party claims, arising from or relating to: (i) the Card or Account; (ii) any service relating to the Account; (iii) the marketing of the Card or Account; (iv) this Agreement, including the validity, enforceability, interpretation, scope, or application of this Agreement and this arbitration provision (except for the prohibition on class or other non-individual claims, which shall be for a court to decide); and (v) any other agreement or instrument relating to the Card or Account or any related service ("***Claim***") shall be decided, upon the election of you or the Bank (or Green Dot or the Bank's agents, employees, successors, representatives, affiliated companies, or assigns), by binding arbitration. Arbitration replaces the right to litigate a Claim in court or to have a jury trial. The American Arbitration Association ("***AAA***") shall serve as the arbitration administrator.

Green Dot intends to promptly file a motion to compel arbitration, expressly and specifically preserves and asserts its right to do so, and in no way intends to waive that right by filing this answer to Plaintiff's complaint. Nothing in this answer is intended to be or should be construed as a complete or partial waiver or forfeiture of Green Dot's right of arbitration. Green Dot files this answer merely to preserve its rights and

defenses and to ensure compliance with the Federal Rules of Civil Procedure while it prepares its forthcoming motion to compel arbitration.

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

Plaintiff's complaint fails to state facts sufficient to constitute a claim for relief against Green Dot, and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any relief whatsoever, from Green Dot.

**THIRD AFFIRMATIVE DEFENSE**

**(Vague and Uncertain Claims)**

Plaintiff's claims against Green Dot are barred, in whole or in part, because the complaint fails to state the alleged claims with sufficient particularity to allow Green Dot to respond and to ascertain what other defenses may exist.

**FOURTH AFFIRMATIVE DEFENSE**

**(No Willful Conduct)**

Plaintiff's claims against Green Dot are barred, in whole or in part, because Green Dot did not knowingly, intentionally, recklessly, or willfully violate the Fair Credit Reporting Act or any other applicable law or regulation.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Proximate Cause)**

Plaintiff's claims against Green Dot are barred, in whole or in part, because to the extent Plaintiff seeks consequential damages, lost opportunity damages, or other damages, any alleged damages were not proximately caused by any act or omission of Green Dot.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiff's claims against Green Dot are barred, in whole or in part, to the extent Plaintiff failed to take reasonable steps to mitigate her alleged damages.

Glaser Weil

Glaser Weil

**SEVENTH AFFIRMATIVE DEFENSE**

**(Speculative/Uncertain Damages)**

Plaintiff's claimed damages are barred or limited to the extent they are speculative, uncertain, remote, or not reasonably ascertainable.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

Plaintiff's claims, and/or portions of them, are barred by the applicable statutes of limitation, in whole or in part.

**NINTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

Plaintiff's claims are barred, in whole or in part, because Green Dot acted reasonably and in good faith at all relevant times, including in connection with its investigation of the disputed information, and did not knowingly, intentionally, willfully, or recklessly violate the Fair Credit Reporting Act or Plaintiff's rights thereunder.

**TENTH AFFIRMATIVE DEFENSE**

**(Acts or Omissions of Others)**

Plaintiff's claims are barred, in whole or in part, because to the extent Plaintiff suffered any injury or damages, which Green Dot denies, such injury or damages were caused in whole or in part by the acts or omissions of persons or entities other than Green Dot and/or circumstances for which Green Dot is not legally responsible.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

Plaintiff's claims are barred, in whole or in part, by waiver of rights allegedly owed, including through communications, conduct, and failure to timely assert such rights.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Equitable Estoppel)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel, including but not limited to positions taken, reliance induced, and benefits accepted.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(No Punitive Damages)**

Plaintiff's claimed punitive damages are barred because Green Dot did not knowingly, intentionally, recklessly, or willfully violate the Fair Credit Reporting Act or otherwise engage in conduct warranting an award of punitive damages under 15 U.S.C. § 1681n or any other statute or regulation.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Reservation of Right to Assert Additional Affirmative Defenses)**

Green Dot lacks sufficient knowledge or information regarding the facts alleged by Plaintiff, and therefor expressly reserves the right to plead additional affirmative defenses at a later time if such defenses are appropriate based on information that becomes available to Green Dot at that later time.

**PRAYER FOR RELIEF**

WHEREFORE, Green Dot respectfully requests and prays as follows:

1. That Plaintiff take nothing by her seventh and eighth causes of action, and that judgment be entered in Green Dot's favor and against Plaintiff thereon;

2. That Green Dot recover its costs of suit, including but not limited to its reasonable attorneys' and costs of suit, as authorized by applicable law or contract; and

3. For such other and further relief as the Court deems just and proper.

**JURY DEMAND CONDITIONED ON RIGHT OF ARBITRATION**

Only to the extent and on the condition that Green Dot's forthcoming motion to compel is denied and Green Dot is forced to litigate this matter in this action, and

Glaser Weil

expressly subject to its right of arbitration, Green Dot demands a trial by jury on all claims and counts triable to a jury.

DATED: October 5, 2026

GLASER WEIL FINK HOWARD
JORDAN & SHAPIRO LLP
Emil Petrossian
Shannon Rieger

By: */s/ Emil Petrossian*
Emil Petrossian
*Attorneys for Defendant*
GREEN DOT CORPORATION