STEPHEN JONES, ESQ.
SBN: 361613
stephen@fcraattorneys.com
5301 Alpha Road, Suite 80-5
Dallas, TX 75240
Tel.: (214) 945-0000

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIN LINK,<br><br>Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC., and GREEN DOT CORPORATION.,<br><br>Defendant, | Case No. 8:26-cv-02064<br>Judge Fred W Slaughter |

## JOINT INITIAL STATUS REPORT

This case has been assigned to Judge Fred W Slaguhter. The parties participated in a telephonic conference on or before October 27, 2026[1] pursuant to Federal Rule of Civil Procedure 26(f). Plaintiff was represented by Stephen Jones of FCRA ATTORNEYS. Equifax was represented by Jennifer Brooks and Defendant Green Dot Corporation was represented by Emil Petrossian.

[1] Counsel for Trans Union, Charlotte Long, and Counsel for Plaintiff, Stephen Jones, conducted a 26f conference on October 26, 2026, due to counsel for Trans Union's unavailability at the anticipated October 27, 2026 conference.

**Green Dot's Reservation of Rights:** Defendant Green Dot Corporation ("Green Dot") participated in the Rule 26(f) conference and participates in this Joint Initial Status Report subject to, and without waiver of, its right to compel arbitration of Plaintiff's claims against it. Green Dot contends that Plaintiff's claims against it are subject to a binding arbitration agreement, and Green Dot intends to move to compel arbitration and stay this action as to Green Dot. Nothing in Green Dot's participation in the Rule 26(f) process, this Report, or any discovery or scheduling proposal is intended or should be construed as a waiver of the right to arbitrate or as consent to litigate Plaintiff's claims in this forum. Each of Green Dot's statements below is made subject to this reservation of rights.

**a) *Statement of the Case:***

**Plaintiff's Statement-** This action arises from Defendants' inaccurate reporting and verification of a Green Dot Platinum Secured Credit Card account ending in 1363 (the "Account") as a charge-off with an unpaid balance of $168, when in fact the Account was voluntarily closed by Plaintiff on or about February 3, 2023, with a zero balance, and Plaintiff's $87.83 security deposit was refunded. On February 17, 2026, furnisher Green Dot issued a written response to a consumer complaint expressly acknowledging that "the information previously reported was incorrect" and representing that it had updated Plaintiff's credit report. Despite that acknowledgment, Equifax (as of May 29, 2026) and Trans Union (as of May 22, 2026) continued to report the Account as a charge-off with a $168 balance. Plaintiff timely disputed the inaccuracy with both Equifax and Trans Union, providing Green Dot's February 17, 2026, letter as documentary evidence. Equifax's July 9, 2026, reinvestigation (Confirmation No. 6190512703) and Trans Union's July 24, 2026, reinvestigation (File No. 000411134230) each verified the disputed information as accurate, and Green Dot verified the charge-off status and balance as accurate in response to the CRAs' ACDVs — directly contrary to its own written acknowledgment. As a direct result, Plaintiff suffered adverse actions from PenFed Credit Union (June 13, 2026, based on Equifax's report), Klarna/WebBank (May 31, 2026, based on Trans Union's report), and FinWise Bank/Upstart (June 13, 2026, based on both CRAs' reports), as well as reduced credit scores and emotional distress. Plaintiff asserts four causes of action

against Equifax and Trans Union for negligent and willful violations of 15 U.S.C. §§ 1681e(b) and 1681i(a); two causes of action against Equifax and Trans Union for negligent and willful violations of Cal. Civ. Code § 1785.14; and two causes of action against Green Dot for negligent and willful violations of 15 U.S.C. § 1681s-2(b).

**Equifax's Statement**: Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"). Equifax denies Plaintiff's claims and denies that it violated the FCRA. Equifax disputes that it failed to comply with §§ 1681e and/or 1681i, or any other portion of the FCRA, and denies that it is liable to Plaintiff. Equifax specifically states that it maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff. Additionally, Equifax denies that Plaintiff is entitled to any of the relief sought in the Complaint, and specifically denies that Plaintiff can support a claim for punitive damages in this action. Equifax makes this statement without waiving any defenses and reserves the right to supplement this statement as the facts are developed.

**Trans Union LLC ("Trans Union"):** Defendant Trans Union states that is a consumer reporting agency as that term is defined by the FCRA and states that at all times relevant, Trans Union maintained reasonable procedures to assure maximum possible accuracy of the relevant information concerning Plaintiff and Trans Union complied with the requirements of the FCRA with respect to Plaintiff. Trans Union furthermore properly initiated and conducted any required reinvestigation(s) pursuant to the FCRA. As such, any damages Plaintiff may have sustained were not caused by Trans Union.

**Green Dot's Statement:** Subject to and without waiving its right to compel arbitration, Green Dot denies that it violated the FCRA and denies that Plaintiff is entitled to any relief. Plaintiff asserts two claims against Green Dot, for alleged negligent and willful violations of 15 U.S.C. § 1681s-2(b), arising from Green Dot's reporting of, and responses to Automated Consumer Dispute Verifications ("ACDV") concerning a Green Dot Bank secured credit card account ending in 1363. Green Dot contends that it conducted reasonable investigations upon receipt of any dispute notices from the consumer reporting agencies, that its conduct was not negligent, let alone willful, and that Plaintiff cannot establish that any alleged inaccuracy in Green Dot's furnishing caused her cognizable damages. Green Dot further contends that

Plaintiff's claims against it must be resolved in individual arbitration rather than in this Court. Green Dot's investigation is ongoing, and it reserves the right to supplement this statement if applicable.

**b) *Subject Matter Jurisdiction:***

**Plaintiff's Statement-** This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which permits FCRA claims to be brought in any appropriate court of competent jurisdiction. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's CCRAA claims (Cal. Civ. Code § 1785 et seq.) against Equifax and Trans Union, as those claims arise from the same case or controversy as the FCRA claims.

**Trans Union**: Trans Union does not contest venue or jurisdiction.

**Green Dot's Statement:** Subject to and without waiving its right to compel arbitration, Green Dot does not dispute that this Court has federal question jurisdiction over Plaintiff's FCRA claims under 28 U.S.C. § 1331. Green Dot contends, however, that Plaintiff's claims against it are subject to a binding arbitration agreement and must be resolved in arbitration, and that this action should be stayed as to Green Dot pending arbitration in accordance with the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*

**c) Legal Issues:**

**Plaintiff's Statement-**The key legal issues include: (1) whether Equifax and Trans Union failed to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14; (2) whether Equifax and Trans Union failed to conduct reasonable reinvestigations under 15 U.S.C. § 1681i(a) after receiving Plaintiff's disputes, including whether reliance on Green Dot's ACDV verification—without reconciling it against Green Dot's own written acknowledgment of error—was reasonable; (3) whether Green Dot failed to conduct a reasonable investigation under 15 U.S.C. § 1681s-2(b) after receiving notice of Plaintiff's disputes; (4) whether any Defendant's violations were willful (15 U.S.C. § 1681n; Cal. Civ. Code § 1785.31(a)(2)) or negligent (15 U.S.C. § 1681o; Cal. Civ. Code § 1785.31(a)(1)); (5) whether Plaintiff has Article III standing as to each Defendant under TransUnion LLC v. Ramirez, 594 U.S. 413 (2021), including the concreteness of the harm

flowing from publication of the disputed tradeline to PenFed Credit Union, Klarna/WebBank, and FinWise Bank/Upstart; and (6) the nature and extent of Plaintiff's actual, statutory, and punitive damages.

**Equifax**: Equifax believes that the key legal issues with respect to Equifax are (1) whether Plaintiff can meet Plaintiff's burden to prove that any reinvestigation conducted by Equifax violated the FCRA, (3) whether Plaintiff can meet their burden of proving a claim against Equifax for negligent noncompliance with the FCRA, (3) whether Plaintiff can meet their burden of proving a claim against Equifax for willful noncompliance with the FCRA, (4) whether Plaintiff can meet their burden of proving that Plaintiff suffered any damages proximately caused by any action or inaction of Equifax, (5) whether Plaintiff is entitled to any damages (actual, punitive, statutory, costs, and/or fees) from Defendant pursuant to the FCRA, (6) whether any damages suffered by Plaintiff were caused in whole or in part by a third party, an intervening or superseding cause, and/or the actions of Plaintiff, and (7) whether Plaintiff failed to mitigate those damages.

**Trans Union:** Trans Union asserts that the principal issues of the case are:

1. Whether Plaintiff was the cause of any alleged misreporting by Trans Union.
2. Whether Plaintiff can demonstrate, as required, that Trans Union reported inaccurate information about Plaintiff.
3. Whether Trans Union maintained reasonable procedures to ensure accurate reporting.
4. The nature and basis of Plaintiff's alleged disputes to Trans Union and Trans Union's handling of same.
5. Whether Plaintiff can demonstrate, as required, that he suffered any damages and that such damages were causally related to any violation of the FCRA.
6. Whether Trans Union maintained and followed reasonable procedures designed to ensure maximum possible accuracy in accordance with 15 U.S.C. § 1681e(b).
7. Whether the aforementioned factual issues establish the basis for any claims against Trans Union pursuant to Sections 1681e(b) and 1681i of the FCRA.

**Green Dot's Statement-** Subject to and without waiving its right to compel arbitration, Green

Dot contends that the threshold legal issue as to Green Dot is whether Plaintiff's claims against it must be compelled to individual arbitration and this action stayed as to Green Dot. Should any claim against Green Dot proceed in this Court, additional key legal issues include: (1) whether Green Dot conducted a reasonable investigation in response to any ACDV notice; (2) whether the information Green Dot furnished was inaccurate or materially misleading; (3) whether Green Dot acted negligently or willfully; (4) whether Plaintiff has Article III standing and suffered actual damages caused by Green Dot's conduct, as distinct from the conduct of other parties or third parties; and (5) whether Plaintiff is entitled to statutory or punitive damages from Green Dot.

**d) Damages:**

**Plaintiff's Statement-**Plaintiff's realistic range of provable damages includes: (1) actual damages arising from the denial of credit by PenFed Credit Union, Klarna/WebBank, and FinWise Bank/Upstart, reduced credit scores, and emotional distress, anxiety, humiliation, and lost time; (2) statutory damages of $100 to $1,000 per willful violation under 15 U.S.C. § 1681n(a)(1)(A) and Cal. Civ. Code § 1785.31(a)(2) as to each of Equifax, Trans Union, and Green Dot; (3) punitive damages under 15 U.S.C. § 1681n(a)(2) and Cal. Civ. Code § 1785.31(a)(2)(B); and (4) reasonable attorneys' fees and costs under 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2) and Cal. Civ. Code § 1785.31(a)(1)-(2). Based on the facts currently known, Plaintiff estimates a realistic damages range of approximately $50,000 to $150,000 or more, inclusive of actual, statutory, and punitive damages, subject to further development through discovery.

**Trans Union:** Trans Union does not anticipate seeking damages at this time, but reserves its right to do so throughout the litigation should the same become available and/or necessary. Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

**Green Dot's Statement:** Subject to and without waiving its right to compel arbitration, Green Dot denies that Plaintiff has suffered any damages from any alleged acts or omissions by Green Dot, and denies that Plaintiff is entitled to actual, statutory, or punitive damages, or

attorneys' fees and costs, from Green Dot, or any other relief whatsoever. Green Dot disputes Plaintiff's damages estimate.

**e)** ***Parties and Evidence:***

The parties are Plaintiff Erin Link and Defendants Equifax Information Services, LLC, Trans Union, LLC, and Green Dot Corporation.

Anticipated witnesses include Plaintiff; custodians of records for each Defendant with knowledge of the reinvestigation and ACDV processing of Plaintiff's disputes; and representatives of PenFed Credit Union, Klarna/WebBank, and FinWise Bank/Upstart with knowledge of the adverse actions taken against Plaintiff. Key documents include the Account records, Green Dot's February 17, 2026, letter, Plaintiff's dispute correspondence to Equifax and Trans Union, Equifax's July 9, 2026, and Trans Union's July 24, 2026, reinvestigation results, ACDV records exchanged among the CRA Defendants and Green Dot, the adverse action notices from PenFed, Klarna/WebBank, and FinWise Bank/Upstart, and Plaintiff's consumer reports and credit scores. Plaintiff requests that each corporate Defendant identify its parents, subsidiaries, and affiliates for conflict purposes. Plaintiff does not presently anticipate the appearance of additional parties.

**Trans Union**: Trans Union anticipates conducting discovery on Plaintiff's credit history, Plaintiff's communications with creditors, and Plaintiff's claimed damages. Trans Union also anticipates taking the depositions of Plaintiff, any expert witnesses disclosed by Plaintiff, and potential fact witnesses whose identities may be revealed through the course of discovery. Trans Union anticipates doing discovery to determine the key documents involved in the case; however, Trans Union anticipates key documents to be those referred to in Plaintiff's Complaint and those contained by the furnisher in this case as well as well as any other documents regarding any alleged damages claimed by Plaintiff(s) and any documents regarding Plaintiff's communications with Trans Union including any dispute communications to and from Trans Union.

**Green Dot's Statement:** Subject to and without waiving its right to compel arbitration, Green Dot anticipates that relevant witnesses may include Plaintiff and one or more Green Dot custodians or representatives with knowledge of the Account and Green Dot's handling of any ACDVs relating to it. Relevant documents may include the agreement governing the Account, including its arbitration provision, the Account records, and records of any ACDVs Green Dot

received and its responses. Green Dot Corporation is a publicly traded company; it has no parent corporation. Green Dot does not presently anticipate the joinder of additional parties.

**f)** ***Insurance:***

Plaintiff's Statement: Plaintiff has no information regarding any Defendant's insurance coverage and requests that each Defendant address the existence and extent of coverage and whether a reservation of rights applies.

**Trans Union**: Based on Plaintiff's claims it appears likely that any judgment against Trans Union would be subject to Trans Union's self-insured retention category.

**Green Dot's Statement:** Green Dot is presently unaware of, and does not intend to rely upon, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy any judgment.

**g)** ***Manual for Complex Litigation:*** This case is not a complex matter. Thus, the Parties do not believe reference to the procedures of the Manual for Complex Litigation is necessary.

**h)** ***Motions:***

Plaintiff does not presently anticipate filing motions to add parties or claims, motions to transfer venue, or motions challenging the Court's jurisdiction, but reserves the right to seek leave to amend the Complaint if discovery reveals additional facts, claims, or responsible parties.

**Equifax**: Equifax does not anticipate amending its pleadings, but reserves the right to do so. Equifax will comply with the Court's requirement that any motion to join parties or amend pleadings be filed within sixty (60) days of the Scheduling Order.**Trans Union:** Trans Union does not anticipate amending its pleadings, but reserves the right to do so. Trans Union will comply with the Court's requirement that any motion to join parties or amend pleadings be filed within sixty (60) days of the Scheduling Order.

**Green Dot's Statement:** Green Dot intends to file a motion to compel arbitration of Plaintiff's claims against it and to stay this action as to Green Dot pending completion of arbitration in accordance with 9 U.S.C. §§ 3–4. Green Dot does not presently anticipate filing motions to add parties or claims or to transfer venue, and it reserves all of its rights and

defenses.

**i) Dispositive motions (issues or claims that any party believes may be determined by motion to dismiss or motion for summary judgement):**

Plaintiff anticipates that, following the close of discovery, the parties may file cross-motions for summary judgment or partial summary judgment on issues including: whether each Defendant's procedures and reinvestigation were reasonable under 15 U.S.C. §§ 1681e(b), 1681i(a), 1681s-2(b), and Cal. Civ. Code § 1785.14; whether any Defendant's conduct was willful; Plaintiff's Article III standing; and the amount and availability of damages.

**Equifax**: Equifax anticipates filing a motion for summary judgment or other dispositive motion on the issue of Equifax's liability and/or Plaintiff's damages. Equifax reserves the right to file all appropriate motions, including motions in limine.

**Trans Union**: Trans Union anticipates filing a motion for summary at the close of discovery.

**Green Dot's Statement:** Subject to and without waiving its right to compel arbitration, Green Dot does not believe any dispositive motion as to Green Dot should be litigated in this Court, because Plaintiff's claims against Green Dot belong in arbitration. Should any claim against Green Dot proceed in this Court, Green Dot anticipates moving for summary judgment on Plaintiff's claims against it.

**j) Status of Discovery**:

No discovery has been exchanged to date. Plaintiff intends to promptly serve Rule 26(a)(1) initial disclosures and its first sets of written discovery on each Defendant.

**Trans Union:** Trans Union intends to serve initial disclosures and discovery promptly. Trans Union also intends to send a subpoena to Upstart/Finwise shortly after the 26f conference.

**k) Discovery plan-** Plaintiff does not propose any changes to the Rule 26(a) disclosure requirements. Plaintiff anticipates discovery on: (1) each CRA Defendant's receipt, processing, and reinvestigation of Plaintiff's disputes concerning the Account, including the

ACDV/e-OSCAR process; (2) Green Dot's investigation of Plaintiff's disputes and its reconciliation (or lack thereof) of its February 17, 2026 written acknowledgment with its subsequent ACDV verifications; (3) each Defendant's policies, procedures, and training concerning compliance with the FCRA and CCRAA, including Metro 2 data reporting practices; (4) the adverse actions taken by PenFed Credit Union, Klarna/WebBank, and FinWise Bank/Upstart and the role of each Defendant's reporting in those decisions; and (5) Plaintiff's damages. Discovery will include written discovery (interrogatories, requests for production, and requests for admission), the deposition of Plaintiff, depositions of each Defendant's Rule 30(b)(6) corporate representative(s), and third-party discovery directed to PenFed Credit Union, Klarna/WebBank, and FinWise Bank/Upstart as needed. Plaintiff proposes that discovery proceed as to all claims and defenses without phasing, subject to entry of a stipulated protective order governing confidential business and financial information.

**Equifax**: Equifax anticipates conducting written and oral discovery on the following subjects: (1) whether Plaintiff's Equifax credit file contained an inaccuracy; (2) whether any Equifax consumer report regarding Plaintiff contained an inaccuracy; (3) whether Equifax failed to maintain reasonable procedures to assure the maximum possible accuracy of consumer reports regarding Plaintiff; (4) whether Plaintiff disputed the accuracy of an item of information on Plaintiff's Equifax credit file; (5) whether any reinvestigation conducted by Equifax violated the FCRA; (6) whether Plaintiff has met the burden of proving a claim against Equifax for negligent noncompliance with the FCRA; (7) whether Plaintiff has met the burden of proving a claim against Equifax for willful noncompliance with the FCRA; (8) whether Plaintiff has suffered any damages proximately caused by any action or Inaction of Equifax; (9) whether Plaintiff is entitled to any damages (actual, punitive, statutory, costs and/or fees) from Equifax

pursuant to the FCRA; (10) whether any damages suffered by Plaintiff was caused in whole or in part by a third party, an intervening or superseding cause, and/or action of Plaintiff; (11) whether Plaintiff failed to mitigate Plaintiff's damages; (12) whether some or all of Plaintiff's claims are barred by applicable statute of limitations; and (13) whether Plaintiff's claims for punitive damages under the FCRA violate the U.S. Constitution.

**Trans Union**: Trans Union anticipates a first round of written discovery to include Interrogatories, Request for Admissions, and Request for Production of Documents to Plaintiff and any necessary subpoenas to third parties. Trans Union further anticipates taking Plaintiff's deposition, as well as the deposition of any necessary third parties that come to light throughout discovery.

**Green Dot's Statement:** Subject to and without waiving its right to compel arbitration, Green Dot contends that discovery directed to Green Dot should be stayed pending resolution of its forthcoming motion to compel arbitration, other than any discovery the Court deems necessary to resolve that motion. Green Dot's participation in the exchange of initial disclosures, if any, is not a waiver of its right to arbitrate. Should the claims against Green Dot proceed in this Court, Green Dot anticipates conducting written discovery, third-party discovery, and oral depositions, in addition to potential expert discovery.

**l) Discovery Cut-Off**: The Parties propose a non-expert discovery cut-off of June 18, 2027, as reflected in the accompanying Schedule Worksheet.

**m) Expert Discovery:** The Parties propose initial expert witness disclosures by July 2, 2027, rebuttal expert disclosures by August 2, 2027, and an expert discovery cut-off of September ,1 2027, as reflected in the Schedule Worksheet.

**n) Settlement Conference/Alternative Dispute Resolution ("ADR")**

The Parties are amenable to participating in early settlement discussions and believes this case is well-suited for resolution through mediation. The Parties are willing to engage in private mediation after initial disclosures, discovery, and particularly production of Defendant's dispute handling policies and Plaintiff's credit file. The Parties believe early ADR could conserve judicial resources and avoid the expense of protracted litigation.

**Equifax**: Equifax proposes that the parties conduct a settlement conference before an active magistrate judge following the exchange of written discovery but prior to any depositions.

**Green Dot's Statement:** Subject to and without waiving its right to compel arbitration, Green Dot is open to any reasonable avenue of settlement discussions with Plaintiff. Green Dot does not consent to participation in the Court's ADR program as a substitute for, or a waiver of, its right to arbitrate.

**o) Trial Estimate:**

**Plaintiff's Statement:** Plaintiff has demanded a jury trial on all issues so triable. Plaintiff realistically estimates that trial will require approximately 3 to 4 court days. Plaintiff anticipates calling 4 to 6 witnesses, including Plaintiff and Defendant's corporate representative(s).

**Green Dot's Statement:** Subject to and without waiving its right to compel arbitration, Green Dot contends that Plaintiff's claims against it should not be tried in this Court and that Plaintiff waived any right to a jury trial as to those claims under the governing arbitration agreement. Should any claim against Green Dot proceed to trial in this Court, Green Dot presently estimates that its portion of the trial would require approximately 1 to 2 court days.

**p) Trial Counsel:** Plaintiff will be represented by Stephen Jones as lead trial counsel.

**Trans Union**: Currently Charlotte Long at Trans Union is handling the matter. However, she does not anticipate being lead counsel. An attorney from the firm

Quilling Selander Lownds Winslett & Moser PC, will be lead counsel for Trans Union.

**Green Dot:** Subject to and without waiving its right to compel arbitration, Green Dot will be represented by Emil Petrossian (as lead trial counsel) and Shannon Rieger.

**q) Magistrate Judge:**

The Parties do not unanimously consent to trial before a Magistrate Judge.

**r) Independent Expert or Master**

This is not a case in which the Court should consider appointing a Master or an independent scientific expert.

**s) Schedule Worksheet:** The parties have filed the Schedule or Pretrial and Trial Dates Worksheet as a proposed order with this filing.

**t) Class Actions**

Not applicable. This is not a putative class action.

**u) Other Issues**

**Plaintiff's Position:** Plaintiff is not aware of any other issues affecting the status or management of this case at this time.

**Green Dot's Position:** Green Dot intends to move to compel individual arbitration of Plaintiff's claims against it and to stay this action as to Green Dot. Green Dot's participation in the Rule 26(f) conference, this Joint Report, and the Scheduling Conference is without waiver of its right to arbitrate or any other rights or defenses.

**Dated:** October 29, 2026

By: *<u>/s/ Stephen Jones</u>*
Stephen Jones

Lead Counsel for Plaintiff

By: */s/ Charlotte Long*
Charlotte Long, Esq. (SBN #347160)
Trans Union, LLC
555 W. Adams Street
Chicago, IL 60661
Telephone: (469) 578-1464
E-Mail: charlotte.long@transunion.com

*Counsel for Defendant Trans Union, LLC*

By: */s/ Emil Petrossian*
Emil Petrossian
Shannon Rieger
GLASER WEIL FINK HOWARD
JORDAN & SHAPIRO LLP

*Attorneys for Defendant Green Dot Bank*

*/s/ Jennifer Brooks*
Jennifer Brooks
Seyfarth Shaw LLP
Ross Ave. | Suite 1660 | Dallas, Texas 75201
Direct: +1-469-608-6730 |
Mobile: +1-714-376-6016
jrbrooks@seyfarth.com |
www.seyfarth.com

*Counsel for Equifax Information Services, LLC*